JENNER & BLOCK LLP
Alexander M. Smith (SBN 295187)
asmith@jenner.com
2029 Century Park East, Suite 1450
Los Angeles, CA  90067-2901
Telephone:    +1 213 239 6900
Facsimile:    +1 213-239-5199

JENNER & BLOCK LLP
Madeline P. Skitzki (SBN 318233)
mskitzki@jenner.com
Sophia R. Goepfert (SBN 365730)
sgoepfert@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:    +1 213 239 5100
Facsimile:    +1 213 239 5199

Attorneys for Defendants
Macy's, Inc. and Tarmo LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAN SHAW, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MACY'S, INC. and TARMO LLC, <br><br> Defendants. | Case No. <br><br> **NOTICE OF REMOVAL** |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Tarmo LLC ("Tarmo") hereby effects the removal of this action from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California.

Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which the proposed class exceeds 100 members, at least one member of the putative class is diverse from one defendant, and the amount in controversy exceeds $5 million.  Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending."  28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c) (providing that Los Angeles County is part of the Central District of California).

## **FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS**

1.      Plaintiff filed this lawsuit against Defendants Macy's, Inc. ("Macy's") and Tarmo (together "Defendants") in Los Angeles County Superior Court on April 29, 2026. *See* Ex. 1 (State Court Complaint and Summons).  Plaintiff effected service of the Summons and Complaint on Tarmo on June 3, 2026.  *See* Ex. 2 (Proof of Service).

2.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the state court case file is attached to this Notice of Removal and is incorporated by reference herein.  The file includes the Summons and Complaint (Exhibit 1), the Proof of Service (Exhibit 2), and all other process, pleadings, and orders filed in the state court (Exhibit 3).

3.      Plaintiff alleges that Macy's deceptively markets a furniture protection plan called "WorryNoMore Warranty" and that Tarmo unfairly administers that plan by wrongfully denying valid claims. *See* Ex. 1 ("Compl.") ¶¶ 2–3.  Based on those allegations, Plaintiff asserts seven causes of action against Defendants for: (1) violation of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) (Compl. ¶¶ 82–99); (2) violation of California's False Advertising Law ("FAL") (Cal. Bus. & Prof. Code §§ 17500, *et seq.*) (Compl. ¶¶ 100–06); (3) violation of California's Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code §§ 1750, *et seq.*) (Compl. ¶¶ 107–12); (4) unjust

enrichment (Compl. ¶¶ 113–18); (5) breach of contract (Compl. ¶¶ 119–23); (6) breach of express warranty (Cal. Civ. Code §§ 1791.2(a), 1794) (Compl. ¶¶ 124–30); and (7) breach of the implied covenant of good faith and fair dealing (Compl. ¶¶ 131–39).

4.    Plaintiff seeks compensatory damages, restitution, attorneys' fees and costs of suit, injunctive relief, and declaratory relief. *See* Compl. at 23–24 (Prayer for Relief). Plaintiff seeks these remedies on behalf of a putative class containing "[a]ll consumers who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, filed a claim pursuant to Defendants' WorryNoMore Warranty and were denied." *Id.* ¶ 71.

### REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)

5.    CAFA provides that federal courts have original jurisdiction over class actions in which (a) any member of a class of plaintiffs is diverse from any defendant, (b) there are at least 100 members in the putative class, and (c) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

6.    Under CAFA, there is no presumption against removal to federal court. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Unless a plaintiff challenges removal, an assessment of the amount in controversy may be based on the allegations; a defendant need not make "evidentiary submissions." *Id.* at 84; *see also Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017) ("In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim.").

7.    In other words, a defendant need not offer evidence to substantiate the amount in controversy; rather, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*; *see also Greene v. Harley-*

*Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (applying *Dart Cherokee* standard to removal under CAFA); *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (holding that a "preponderance of the evidence" standard applies only after "a defendant's assertion of the amount in controversy is challenged") (citations and internal quotation marks omitted).

**The Putative Class Is Sufficiently Numerous**

8.     Plaintiff purports to bring this action on behalf of "[a]ll consumers who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, filed a claim pursuant to Defendants' WorryNoMore Warranty and were denied." Compl. ¶ 71. According to Plaintiff, this proposed class is so "numerous such that joinder is impracticable" and "consists of thousands of members or more." *Id.* ¶ 75. This is sufficient to establish that the putative class has over 100 members, as CAFA requires. *See* 28 U.S.C. § 1332(d)(5)(B).

**The Parties Are Minimally Diverse**

9.     CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 928 (9th Cir. 2015) ("[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices.") (citation omitted).

10.     Plaintiff resides in California and is a citizen of California. *See* Compl. ¶ 13. He purports to represent a nationwide class. *See id.* ¶ 71.

11.     Macy's is incorporated in Delaware and maintains its principal place of business in New York. Macy's is therefore a citizen of Delaware and New York. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation "is a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

12.     Tarmo is a Delaware limited liability company that is wholly owned by Uniters Group, LLC. Uniters Group, LLC is a Florida limited liability company which is

indirectly owned by four members: (a) Gordian Tork, a resident of Florida; (b) Claude Bonvouloir, a resident of Florida; (c) Michael Gechele, a resident of Florida; and (d) Ronald Combes, a resident of Nevada. Tarmo is therefore a citizen of Delaware, Florida, and Nevada. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

13. The parties are minimally diverse because Plaintiff is a citizen of California, Macy's is a citizen of Delaware and New York, and Tarmo is a citizen of Delaware, Florida, and Nevada. *See* 28 U.S.C. § 1332(d)(2)(A) (extending jurisdiction to cases in which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

### There Is at Least $5,000,000 in Controversy

14. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The court must then "add[] up the value of the claim of each person who falls within the definition of [the] proposed class." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

15. To satisfy the amount-in-controversy requirement, a defendant must establish only that "the potential damages could exceed the jurisdictional amount." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010)) (emphasis added). "The amount in controversy is not a prospective assessment of [a] defendant's liability"; instead, "it is the amount at stake in the underlying litigation." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (citations and internal quotation marks omitted). "To meet CAFA's amount-in-controversy requirement, a defendant needs to plausibly show that it is *reasonably possible* that the potential liability exceeds $5 million." *Greene*, 965 F.3d at 772 (emphasis added).

16. In other words, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn*, 536 F. Supp.

2d at 1205; *see also, e.g.*, *Greene*, 965 F.3d at 772 ("[T]he amount in controversy is the 'amount *at stake* in the underlying litigation.' 'Amount at stake' does not mean likely or probable liability; rather it refers to possible liability.") (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.") (citation omitted). For that reason, the Ninth Circuit has made clear that a court cannot "delve into the merits" or conduct "a fact-based analysis of the merits" in assessing the amount in controversy. *Greene*, 965 F.3d at 774.

17.    Without conceding any merit to Plaintiff's allegations, causes of action, and claims for restitution, damages, and attorneys' fees, the amount placed in controversy by Plaintiff's Complaint satisfies CAFA's jurisdictional threshold.

18.    Plaintiff seeks, among other remedies, "restitution, including refunds of amounts paid for WorryNoMore plans by Plaintiff and class members[] [and] claim amounts wrongfully denied." Compl. ¶ 12; *see also id.*, Prayer for Relief (requesting "an order requiring Defendants to disgorge and make restitution of all monies it [sic] acquired by means of the unlawful practices set forth"). Plaintiff seeks that relief on behalf of a putative nationwide class of "consumers who . . . filed a claim pursuant to Defendants' WorryNoMore Warranty and were denied" between April 29, 2022 and present. *Id.* ¶ 71; *see also* Cal. Bus. & Prof. Code § 17208 (establishing a four-year statute of limitations for UCL claims); Cal. Civ. Proc. Code § 337 (establishing a four-year statute of limitations for "[a]n action upon any contract . . . founded upon an instrument in writing").

19.    Tarmo's internal records show that there are approximately 34,000 individuals who have claims that were deemed not covered between April 29, 2022 and the present. Based on that estimate, there is at least $5,000,000 in controversy under either of the theories of restitution Plaintiff articulates in the complaint.

20.    To the extent Plaintiff seeks to calculate restitution based on "claim amounts wrongfully denied" (Compl. ¶ 12), Tarmo's records reflect that the average cost of a repair service covered by the NoMoreWorry warranty plan exceeds $250. Even if one were to

use a conservative estimate of $200 per repair, that amount multiplied by 34,000 would equal $6,800,000, which significantly exceeds CAFA's $5 million amount-in-controversy threshold.

21. Plaintiff also alleges that WorryNoMore warranty plans "often cost[] several hundred dollars." Compl. ¶ 22. To the extent Plaintiff seeks "refunds of amounts paid for WorryNoMore plans by Plaintiff and class members" (*id.* ¶ 12), that amount also satisfies CAFA's amount-in-controversy threshold because 34,000 multiplied by $200 (which is a conservative proxy for "several hundred dollars") equals $6,800,000, which exceeds $5 million.

22. Plaintiff also seeks to recover attorneys' fees. *See* Compl., Prayer for Relief. For purposes of assessing the amount in controversy, the Court is not limited to considering fees incurred at the time of removal; rather, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co.*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that the amount in controversy includes fees potentially incurred after removal); *see Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at *7 (N.D. Cal. Aug. 18, 2015) ("The amount in controversy can include . . . attorneys' fees[.]").

23. Fee requests in consumer class actions, such as this case, are often significant. *See, e.g.*, *Troy v. Aegis Senior Communities LLC*, 2021 WL 6129106, at *4 (N.D. Cal. Aug. 23, 2021) (awarding $6,350,000 in fees and $1,174,531.06 in costs in consumer class action); *In re EasySaver Rewards Litig.*, 2020 WL 2097616, at *21 (S.D. Cal. May 1, 2020) (awarding $3,417,904.13 in attorney's fees in consumer class action); *Broomfield v. Craft Brew Alliance, Inc.*, 2020 WL 1972505, at *30 (N.D. Cal. Feb. 5, 2020) (awarding $2,263,779.69 in fees and $329,973.59 in costs in consumer class action).

24. When aggregated, Plaintiff's requests for disgorgement and restitution and attorneys' fees readily place over $5 million in controversy.

## OTHER REQUIREMENTS FOR REMOVAL ARE MET

25.    Venue is proper in this Court because Plaintiff filed this lawsuit in Los Angeles County Superior Court, which is located in this District.  *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see also* 28 U.S.C. § 84(c) (providing that Los Angeles County is part of the Central District of California).

26.    This Notice of Removal is timely.  Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within 30 days of service of the summons and complaint.  Plaintiff effected service on Tarmo on June 3, 2026.  *See* Ex. 2.  Because Tarmo removed this action to federal court within 30 days of June 3, 2026, removal is timely.  *See United Steel, Paper & Forestry, Rubber Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008) (holding that when a "class action is removable under CAFA" and one defendant "timely file[s] its notice of removal," that is sufficient to "remove[] the action as a whole," including claims against other defendants).

27.    Tarmo has not filed any pleadings or other papers responding to the Complaint in the Superior Court.

28.    Pursuant to 28 U.S.C. § 1446(d), Tarmo will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will promptly file a written notice, along with a copy of this Notice of Removal, with the Clerk of the Los Angeles County Superior Court and serve it on all parties.

29.    Under CAFA, a defendant may remove an action to federal court even without the consent of its co-defendants.  *See* 28 U.S.C. § 1453(b).  Nonetheless, even though its consent is not required, Macy's consents to the removal of this action to federal court.

## **CONCLUSION**

WHEREFORE, Tarmo hereby removes this action from the Superior Court of California, County of Los Angeles to the U.S. District Court for the Central District of California.

Dated:  July 2, 2026                    JENNER & BLOCK LLP

By:      /s/   Alexander M. Smith
              Alexander M. Smith
              Madeline P. Skitzki
              Sophia R. Goepfert

              Attorneys for Defendants
              Macy's, Inc. and Tarmo LLC